UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MICHELLE MAZZARO,

        Plaintiff,

vs.

CULTURAL CARE, INC., d/b/a CULTURAL CARE AU PAIR, EF EDUCATION FIRST, INC., EF INTERCULTURAL FOUNDATION, INC. & KIRSTEN TANNER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

No. 7:18-cv-10331-NSR

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

      **WHEREAS**, Plaintiff Michelle Mazzaro ("Plaintiff") and Defendants Cultural Care, Inc., d/b/a Cultural Care Au Pair ("Cultural Care"), EF Education First, Inc. ("EFEF"), EF Intercultural Foundation, Inc. ("EFIF"), and Kristen Tanner ("Tanner") (collectively, "Defendants") are conducting discovery in the above-captioned litigation (the "Action");

      **WHEREAS**, some of the information and documents sought in discovery contain or relate to information of a private, confidential, or proprietary nature (hereinafter "Confidential Material"); and

      **WHEREAS**, the Plaintiff and Defendants (collectively, the "Parties") and their counsel desire to facilitate the discovery of certain information, documents, and things from each other and to reasonably limit disclosure of Confidential Material that may be exchanged and produced now and in the future during the Action and have reached agreement as to the terms of this Confidentiality Stipulation and Protective Order ("Order");

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the parties that:

1. **Confidential Material.**  Documents produced during discovery in the Action that contain any Confidential Material shall be plainly stamped, marked or otherwise designated "Confidential" on the face of the document. Testimony about or relating to any Confidential Material or the contents thereof shall be deemed confidential without further designation. The parties may designate documents as Confidential Material after production by advising, in writing, counsel for the other party of such designation.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

2. **Designation.**  The party or person producing or disclosing discovery material may designate as "Confidential Material" that it reasonably and in good faith believes contains:

   a. material of a proprietary nature, including without limitation policies, business practices and procedures, business know-how, employee or customer information, information and documents regarding the structure or operations of the Defendant, including without limitation, details about internal processes, policies and procedures;

   b. materials or information of a personal, sensitive or intimate nature, such as personnel documents, internal complaints, discipline and social security numbers, and other similar information;

   c. other information as the Parties may agree.

61528394v.6

In addition, all medical and mental health records produced or obtained in this Action shall be deemed to be Confidential Material without any need for explicit designation.

3. **Designating Transcripts.** In the case of transcripts of depositions or court conferences, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition / court conference or at the conclusion of each session of the deposition / court conference, or in a writing provided by the designating party to the other parties within thirty (30) days of the designating party's receipt of a copy of the transcript. Counsel for the parties may modify this procedure for any particular deposition by agreement on the record at such deposition or court conference, or in writing after the conclusion of the deposition or conference, without further Court order.

4. **Contesting Confidential Designations.** Any party may object to the designation of any documents as Confidential Material and the parties shall confer in good faith to attempt to resolve the objection. If the parties are unable to resolve the objection, the dispute may be submitted to the Court by the receiving party. Notwithstanding such objection, the document(s) marked "Confidential" and the contents thereof shall be treated as Confidential Material pursuant to the terms of this Order until a contrary determination is made by written agreement of the parties or by order of the Court.

5. **Redactions**. Any producing party may redact from the documents and information it produces matter or information that, among other things, the producing party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The producing party shall preserve an un-redacted version of each such document.

6. **Use of Confidential Material.**  Confidential Material and the contents thereof may be copied by the receiving parties, and may be used by the parties and the parties' counsel solely for purposes of prosecuting or defending the Action. Confidential Material shall not be disclosed or made known by the parties and/or their counsel to any other person, except as follows:

   a. to the Named Plaintiff(s), Defendant, their current or former directors, officers, employees, representatives and agents to the extent necessary for the performance of their respective duties or in connection with this Action;

   b. to any in-house or outside attorneys of the parties, including necessary paralegal and other clerical personnel employed by counsel, for carrying out their respective duties in connection with the Action;

   c. to experts, consultants, nonparty witnesses, or other persons retained or consulted by counsel for any party, provided that (i) such disclosure is necessary in order to furnish such assistance, (ii) the counsel receiving such assistance provides a copy of this Order to the individual(s) providing such assistance, and (iii) the individual agrees in writing to be bound by the terms of this Order; and

   d. to the judges and employees of the United States District Court, Southern District of New York, or appropriate appellate court pursuant to the filing of a court paper or in connection with a hearing, trial, motion, or request for court intervention in the Action, or as otherwise agreed to by the parties or as ordered by the Court, provided that if any Confidential Material is disclosed in a court paper or at a hearing or trial, the court paper/transcript shall be filed and maintained under seal, unless the parties agree otherwise in writing or the Court so orders.

e.  Any person, party, or entity receiving any Confidential Material or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person, party, or entity not specified in this Paragraph.  Confidential Material and the contents thereof shall not be used by the receiving party for any business, commercial, competitive or personal reason.

7.  **Safeguarding of Confidential Material.**  Confidential Material shall be maintained in secure, segregated places, and access to those places shall be permitted only to those persons authorized pursuant to this Stipulation. The undersigned agree to use all reasonable care in safeguarding and protecting Confidential Material.  Nothing contained in this Order, however, shall prevent any party from disclosing its own Confidential Material or information as it deems appropriate and such disclosure shall not waive the protections of this Order with respect to any other Confidential Material, whether or not such other document(s) is related to the voluntarily disclosed document or information.

8.  **Return of Confidential Material.**  Upon the final termination of this Action by judgment, including appeal, or by compromise and settlement, each and every copy of all documents produced as Confidential Material shall, within a period of 30 days, be returned to the producing party or shall be destroyed – whichever method is directed by the producing party, including electronic copies. The provisions of this paragraph apply equally to Confidential Material and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Material. Counsel for the receiving parties agree to provide, within 10 days of returning or destroying Confidential Material, a letter to counsel for the producing party confirming compliance with this Paragraph and, if applicable, articulating the method of destruction.

9. **Retention of Work Product.** Notwithstanding the foregoing paragraph, counsel for the parties may retain (i) their work product and all briefs, pleadings, or other filings with the Court which incorporate Confidential Material or disclose materials contained therein, and (ii) all Confidential Information, including but without limitation abstracts or summaries of Confidential Information if required by applicable Bar rules and malpractice policies, but these materials shall remain subject to the terms and conditions of this Protective Order.

10. **No Waiver of Confidentiality, Attorney-Client Privilege or Work Product Doctrine.** The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a producing party's right to conduct a review of documents or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11. **Return of Privileged Documents.** Privileged or work product documents shall be returned by the receiving party to the producing party, either: (i) upon notice from the producing party to the receiving party of such disclosure; or (ii) upon the receiving party's discovery of material that appears in any respect to contain or constitute privileged or work product protected documents. Upon notice or discovery (as set out in (i) and (ii) above) the receiving party shall immediately stop reviewing any such documents or information and shall sequester such documents and information, and, shall within 7 days of the service of a privilege log specifying the basis of the applicable privilege or work product, return, delete, or destroy all copies of the disclosed and protected material; shall take reasonable steps to retrieve such material if the receiving party disclosed it before being notified (*e.g.*, receiving counsel must inform his or their client(s) of the inadvertent disclosure and the need to return said material);

and shall make no further use of such protected material (and the receiving counsel shall instruct his or their client(s) that they too will not make further use of such protected material), unless the receiving party contests the privilege or work product designation under paragraph 12 of this Agreement.  The parties may jointly agree to modify the terms and requirements of this paragraph given the specific nature of the information/documents at issue.

12. **Disputes Regarding Privilege.**  The parties agree to meet and confer in good faith on any issues arising from the claims of privilege before seeking any intervention from the Court.  In case of a dispute, the producing party agrees to seek an in camera review of the disclosed material subject to the dispute.  Pending resolution of any such dispute by the Court, the receiving parties shall not use the disclosed privileged material in any respect, other than in connection with the dispute about the privilege.

13. **No Limitation on Discovery Rights.**  Nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available.  This Order shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

14. **Bound Pending Court's So-Order.**  Upon full execution, the parties agree to be bound by this Order pending the Court's review and so-ordering of the Order.

15. **Application to Court to Amend Agreement.**  The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Order upon a showing of good cause.

16. **Separate Signature Pages.**  This Protective Order may be signed on separate signature pages.  These separate signature pages will become part of the integrated Protective

Order. Where convenient for the parties to do so, the signed signature pages may be facsimile or PDF transmissions.

| Dated: New York, NY<br>April 3, 2020<br><br>   */s/*<br>Anthony Carabba, Jr.<br>Carabba Law Firm P.C.<br>11 Broadway, Suite 968<br>New York, New York 10004<br>212.430.6400<br>acarabba@carabbalaw.com<br><br>*Counsel for Plaintiff Michelle Mazzaro* | Dated: New York, NY<br>April 3, 2020<br><br>   */s/*<br>Dov Kesselman<br>Daniel Small<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel: (212) 218-5500<br>Fax: (212) 218-5526<br>dkesselman@seyfarth.com<br>dsmall@seyfarth.com<br><br>*Counsel for Defendants Cultural Care, Inc., d/b/a Cultural Care Au Pair, EF Education First, Inc., EF Intercultural Foundation, Inc. & Kirsten Tanner* |
|---|---|

So Ordered: *[signature: Lisa Margaret Smith]*

_____           _____04/03/2020_____
Hon. Lisa Margaret Smith                                       Date

## **CERTIFICATE OF SERVICE**

    I, Daniel Small, hereby certify that this document has been filed electronically and a true and correct copy of the foregoing Confidentiality Stipulation and Protective Order has been served, via the Court's CM/ECF system, on this 3rd day of April, 2020, upon:

>Anthony Carabba, Jr.
>Carabba Law Firm P.C.
>11 Broadway, Suite 968
>New York, New York 10004
>212.430.6400
>acarabba@carabbalaw.com

>>*/s/ Daniel Small* _____
>>Daniel Small